that a judgment be entered in accordance with this decision, with costs and an extra allowance of $500.

Ordered accordingly.

---

BENDIT v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term.   March 20, 1899.)

INSTRUCTION.
   A requested instruction, "If you believe that the occurrence did not happen as plaintiff described it, then your vedict must be for the defendant," is too broad, requiring a verdict for defendant if some essential detail was incorrectly stated by plaintiff.

Appeal from city court of New York, general term.

Action by Max Bendit against the Third Avenue Railroad Company. From a judgment of the general term affirming a judgment of the trial term, entered on a verdict for plaintiff (54 N. Y. Supp. 1095), defendant appeals.   Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Hoadly, Lauterbach & Johnson, for appellant.
M. D. Steuer, for respondent.

GILDERSLEEVE, J.   Upon a trial by the court and a jury, the plaintiff obtained a verdict against the defendant for damages arising from personal injuries sustained through the alleged negligence of the defendant.   Judgment was duly entered, and affirmed by the general term of the city court.   From the judgment of affirmance, the defendant now appeals to this court.

The plaintiff alleges in his complaint that, in response to his signal, the defendant's car stopped to permit him to get aboard; that he got on the foot rail of the car, and was passing along, on the rail, to a row where there were empty seats, when the car suddenly started, and jerked ahead with great force, and plaintiff was forced to strike against the hind wheel of a truck, that was facing south; "that, by reason of the negligence, carelessness, and recklessness of the defendant, its agents, servants, and employés, in starting the car before this plaintiff had an opportunity to seat himself, and attempting to pass the said wagon with this plaintiff on the foot rail, the plaintiff was injured."   The plaintiff was the only witness to the accident called in support of the affirmance of the case.   The verdict of the jurors assumes that the plaintiff's testimony was credited by them, and the general term has concurred in their findings of fact.   Since there is some evidence which, if credited, will support the verdict, the judgment must stand, unless it can be said that the defendant suffered from erroneous rulings on questions of law.

In addition to the claim of the appellant that there was no evidence to support the verdict, which is a contention that has been disposed of in what we have already said, the only assignment of error is the refusal of the court to charge the following request of defendant's counsel, viz.: "If you believe that the occurrence did not hap-

pen as plaintiff described it, then your verdict must be for the defendant." This request was too broad, and was properly refused. If charged, it required the jury to find for the defendant, provided they reached the conclusion that some detail of the accident had not been correctly stated by the plaintiff. Such a finding for an error of the plaintiff in stating some circumstances of an occurrence is not the duty of a jury. The dominant questions to be decided by the jury were the alleged negligence of the defendant and the plaintiff's freedom from contributory negligence. The well-settled rules of law demand a decision of these questions in accordance with the preponderance of evidence, when all the testimony in the case and the probabilities are fairly weighed. It was within the province of the jury, though not usually a wise thing to do, to disbelieve the plaintiff in part, and credit him in part; and, under the circumstances of this case, the presumption must be that the jury credited sufficient material and essential statements of the plaintiff to support the verdict. The charge laid down for the guidance of the jury correct rules of law applicable to the case, and the learned trial judge committed no error in refusing the vicious request.

The judgment should be affirmed, with costs to the respondent. All concur,